IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL A. HERNANDEZ, | ) | |
| Plaintiff, | ) | 4:05cv3294 |
| vs. | ) | ORDER on INITIAL REVIEW |
| UNITED STATES, et al., | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Michael A. Hernandez, who is presently a pretrial detainee or a convicted prisoner. Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case.[1] The court must screen civil rights complaints brought by plaintiffs subject to the PLRA. See, e.g., 28 U.S.C. § 1915A, which directs the court to screen PLRA complaints:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] 42 U.S.C. § 1915(h) of the PLRA defines "prisoner" as follows: "As used in this section, the term 'prisoner' means any person incarcerated *or detained* in any facility who is *accused of*, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." (Emphasis added.)

Similarly, by proceeding in forma pauperis, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Also before the court are filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP"), and filing no. 3, a letter to the Clerk of Court which has been docketed as a Motion for Status of the case. The plaintiff is attempting to bring a class action against the United States of America, three federal agencies, five states, a variety of local officials, several railroads and many others. He alleges federal civil rights claims on behalf of himself and the Sioux Indian Peoples who, according to the plaintiff, have suffered discrimination.

The plaintiff seeks monetary relief against defendants who are immune from such relief.[2] The plaintiff also requests forms of relief which simply are not available in a federal

---

[2]State sovereign immunity, recognized and preserved by the Eleventh Amendment to the United States Constitution, prohibits a plaintiff from suing a state, state agencies or state employees in their official capacity for damages, except insofar as the state or the Congress of the United States has abrogated the state's sovereign immunity. See, e.g., Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 744 (8th Cir. 1998): "[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials from § 1983 liability."  See also Burk v. Beene, 948 F.2d 489, 492-93 (8th Cir. 1991): "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'..." (Citations omitted.) No waiver of sovereign immunity applies to this case.

civil rights case, e.g., that criminal charges be brought against various individuals, that the State of Nebraska construct a church building for a particular ministry, that the court disband a federal agency, and that an official agency be created to protect the rights of the putative class.

In addition, as a pro se litigant, the plaintiff cannot bring a class action. Craig v. Cohn, 80 F. Supp.2d 944, 946 (N.D. Ind. 2000) (citations omitted). Accord Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). See also Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000): "A litigant may bring his own claims to federal court without counsel, but not the claims of others." Accord Allnew v. City of Duluth, 983 F.Supp. 825, 831 (D. Minn. 1997).

For the foregoing reasons, the plaintiff's Motion to Proceed IFP will be denied. In addition, the plaintiff will be required to file an Amended Complaint on behalf of himself as the sole plaintiff, and stating a claim on which relief may be granted against defendant(s) who are properly subject to suit.

---

Similarly, sovereign immunity bars a claim for money damages against the United States, its agencies, and its officers in their official capacities. See, e.g., FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Sherwood, 312 U.S. 584, 586 (1941). "Sovereign immunity is jurisdictional in nature." FDIC v. Meyer, 510 U.S. at 475, *citing* United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). The jurisdictional bar of sovereign immunity operates when a suit threatens to impose liability on the United States for money or property or to engender some form of coercive injunctive relief. See, e.g., Dugan v. Rank, 372 U.S. 609, 620 (1963): "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' Land v. Dollar, 330 U.S. 731, 738 ... (1947), or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' Larson v. Domestic & Foreign Corp., *supra*, 337 U.S. at 704 ... ; Ex parte New York, 256 U.S. 490, 502 ... (1921)."

THEREFORE, IT IS ORDERED:

1. That filing no. 2, the plaintiff's Motion to Proceed IFP, is denied, and by January 6, 2006, the plaintiff shall pay the court's $250 filing fee for this case;

2, That filing no. 3, the plaintiff's Motion for Status of case, is granted, and the status of this case is as set forth in this Memorandum and Order;

3. That on initial review, the plaintiff's complaint fails to state a claim on which relief may be granted and appears to seek monetary relief from defendant(s) with immunity from such relief;

4. That the Clerk of Court shall send the plaintiff a standard form for a complaint, which the plaintiff may use for an Amended Complaint;

5. That the plaintiff shall have until January 6, 2006, to file an Amended Complaint;

5. That, in the absence of the $250 filing fee or a timely and sufficient Amended Complaint by January 6, 2006, this case may be subject, without further notice, to dismissal without prejudice.

DATED this 7th day of December, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge