IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL A. HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3294 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following motions filed by the plaintiff, Michael A. Hernandez: (1) Filing No. 11, the Motion for Preliminary Injunction; (2) Filing No. 13, the Objection to previous orders; (3) Filing No. 16, the Motion for Reconsideration; (4) Filing No. 23, the Motion for a Grand Jury; (5) Filing No. 27, the Motion for a Preliminary Injunction; (6) Filing No. 31, the Motion for a Correction of the Controversial and Related Case; (7) Filing No. 33, the Motion for Disclosure; (8) Filing No. 35, the Motion for Copies; (9) Filing No. 36, the Motion for Disclosure; (10) Filing No. 37, the Motion to Appear; (11) Filing No. 38, the Motion for Subpoena Ad Testificandum; and (12) Filing No. 40, the Motion for Appointment of Counsel.  The plaintiff is prisoner subject to the Prison Litigation Reform Act ("PLRA").

The court previously denied the plaintiff leave to proceed in forma pauperis ("IFP"), and the plaintiff has paid the filing fee (Filing No. 20).  The court also required the plaintiff to file an Amended Complaint, and he has done so (Filing No. 15).  Unfortunately, the Amended Complaint fails to cure many of the deficiencies in the initial complaint.

Originally the plaintiff sued the United States of America, three federal agencies, five states, a variety of local officials, several railroads and many others.  In his Amended Complaint, the plaintiff seeks $700 billion, plus punitive damages, release from custody

and other relief from the United States of America, the Department of Justice (a federal agency), and two states (Nebraska and South Dakota) for violations of his constitutional rights. Thus, the plaintiff seeks monetary relief from defendants who are immune from such relief.[1] See 28 U.S.C. § 1915A(b)(2) (grounds for dismissal under the PLRA include a claim which "seeks monetary relief from a defendant who is immune from such relief").

Also, the plaintiff is still attempting to bring a class action. He alleges federal civil rights claims on behalf of himself and the Sioux Indian Peoples who, according to the plaintiff, have suffered discrimination. The court has informed the plaintiff in previous orders that, as a pro se party, he may not represent the rights of others. Therefore, he

---

[1] As the court has explained in prior orders, state sovereign immunity, recognized and preserved by the Eleventh Amendment to the United States Constitution, prohibits a plaintiff from suing a state, state agencies or state employees in their official capacity for damages, except insofar as the state or the Congress of the United States has abrogated the state's sovereign immunity. See, e.g., Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 744 (8th Cir. 1998): "[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials from § 1983 liability." See also Burk v. Beene, 948 F.2d 489, 492-93 (8th Cir. 1991): "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'..." (Citations omitted.) No waiver of sovereign immunity applies to this case.

Similarly, sovereign immunity bars a claim for damages against the United States, its agencies, and its officers in their official capacity. See, e.g., FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Sherwood, 312 U.S. 584, 586 (1941). "Sovereign immunity is jurisdictional in nature." FDIC v. Meyer, 510 U.S. at 475, *citing* United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). The jurisdictional bar of sovereign immunity operates when a suit threatens to impose liability on the United States for money or property or to engender some form of coercive injunctive relief. See, e.g., Dugan v. Rank, 372 U.S. 609, 620 (1963): "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' Land v. Dollar, 330 U.S. 731, 738 ... (1947), or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' Larson v. Domestic & Foreign Corp., *supra*, 337 U.S. at 704 ... ; Ex parte New York, 256 U.S. 490, 502 ... (1921)."

may not bring a class action. "Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." Craig v. Cohn, 80 F. Supp.2d 944, 946 (N.D. Ind. 2000) (citations omitted). Accord Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). See also Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000): "A litigant may bring his own claims to federal court without counsel, but not the claims of others." Accord Allnew v. City of Duluth, 983 F.Supp. 825, 831 (D. Minn. 1997).

In addition, the plaintiff purports to bring this action on behalf of, or with, Soloman D. Mousseaux, identified in the Amended Complaint (Filing No. 15 at 8) as a registered member of the Sioux Indian Tribe who has been charged with second degree assault but did not receive due process. Mr. Mousseaux has signed the complaint, but he has not paid a filing fee or filed a Motion to Proceed In Forma Pauperis. Therefore, the court does not recognize him as a plaintiff in this case. Because Mr. Hernandez is pro se, he may not represent the interests of Mr. Mousseau. Mr. Mousseau is dismissed from this action, and, if he wishes to pursue the matter, he may file his own case. Presently, Michael A. Hernandez is the only plaintiff in the above-entitled case.

The plaintiff seeks compensation for many events which cannot be redressed in this case, such as the "wrongful[] deaths of Lakota People at the Wounded Knee Massacre in South Dakota on December 29, 1890, and the wrongful imprisonment of Crazy Horse at Ft. Robinson Nebraska" (Filing No. 15 at 1-2), the deaths of Diane Leading Cloud and Albert Six Feathers (id. at 6 and 8). The plaintiff brings up these instances of injustice to support his point that Sioux Indians receive unfair treatment in the United States, Nebraska and South Dakota criminal justice systems.

The focus of the present case, however, appears to be the injustice suffered by the plaintiff in connection with his conviction for distribution of a controlled substance in Box Butte County, Nebraska, and as an habitual criminal, for which he is now serving a sentence of not less than 20 years in the custody of the Nebraska Department of Correctional Services. Nevertheless, insofar as the plaintiff seeks release from state custody or damages for the deprivations of due process which resulted in his confinement, he has no cause of action under the federal civil rights laws until he has first achieved a favorable outcome in a habeas corpus or similar collateral attack on his conviction.

The United States Supreme Court, in Preiser v. Rodriquez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994), established that, if success on the merits of a civil rights claim would necessarily implicate the validity of continued confinement for a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his confinement. See Heck v. Humphrey, 512 U.S. at 486-87:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

See also Muhammad v. Close, 540 U.S. 749, 750 (2004):

>Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 ... (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In Heck v. Humphrey, 512 U.S. 477 ... (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence .... In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies.

In light of the foregoing principles, the above-entitled case will be dismissed without prejudice until such time as the plaintiff has obtained a favorable result in a habeas corpus or similar collateral review of his conviction. The plaintiff's pending motions will be denied, except as otherwise set forth below, and judgment will be entered accordingly.

THEREFORE, IT IS ORDERED:

1.   That Filing Nos. 11 and 27, the plaintiff's Motions for Preliminary Injunction, are denied;

2.   That Filing No. 13, the Objection to previous orders, is denied;

3.   That Filing No. 16, the Motion for Reconsideration, is denied;

4.   That Filing No. 23, the Motion for a Grand Jury, is denied;

5.   That Filing No. 31, the Motion for a Correction of the Controversial and Related Case, is granted;

6.   That Filing Nos. 33 and 36, the Motions for Disclosure, are denied;

5

7.  That Filing No. 35, the Motion for Copies is granted insofar as the plaintiff requests a copy of the Amended Complaint; the Clerk of Court shall send the plaintiff a copy of Filing No. 15, free of cost;

8.  That Filing No. 37, the Motion to Appear, is denied;

9.  That Filing No. 38, the Motion for Subpoena Ad Testificandum, is denied;

10. That Filing No. 40, the Motion for Appointment of Counsel, is denied;

11. That the plaintiff's Amended Complaint and this action are dismissed without prejudice; and

12. That a separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 20th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge